IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs March 11, 2014

**JARROD PHILLIPS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hickman County**
**No. 13-CV-39     James G. Martin, III, Judge**

_____

**No. M2013-02026-CCA-R3-HC - Filed April 23, 2014**

_____

Petitioner, Jarrod Phillips, was charged with first degree murder in Davidson County. He pled guilty to second degree murder and was sentenced to thirty-two years as a Range II, violent offender. Petitioner subsequently filed a petition for writ of habeas corpus in Hickman County. The habeas corpus court summarily dismissed the petition. After a thorough review of the record, we affirm the habeas corpus court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and NORMA MCGEE OGLE, JJ., joined.

Jarrod Phillips, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner was charged with first degree murder in Davidson County. On January 25, 2012, he pled guilty to second degree murder and was sentenced to thirty-two years as a Range II, violent offender. The judgment specifically stated, "Defendant waives range of punishment for Murder 2nd & will receive 32 yrs. as Range 2."

On July 15, 2013, Petitioner filed a petition for writ of habeas corpus. In his petition, Petitioner argued that he was sentenced out of his range and, therefore, he was being "illegally restrained." On August 14, 2013, the habeas corpus court filed an order dismissing the petition. That order stated the following in part:

> [T]his Court is of the opinion that the petitioner's argument that he was improperly sentenced as a Range II offender is without merit. The judgment form reflects that the petitioner pled guilty to second degree murder in exchange for an out-of-range sentence of 32 years as a Range II offender.

Petitioner appeals from the summary dismissal of his petition.

## ANALYSIS

Pursuant to Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The term "imprisoned" means "actual physical confinement or detention." *Hickman v. State*, 153 S.W.3d 16, 22 (Tenn. 2004). A petitioner does not have to be physically confined to be "restrained of liberty." A petitioner can be restrained of liberty if "the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement," even if "the petitioner is not physically confined or detained." *Id.* (citations omitted); *see Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). "The phrase 'restrained of liberty' has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city." *Benson*, 153 S.W.3d at 31 (citing *Hickman*, 153 S.W.3d 16, 22-23 (Tenn. 2004)). The requirement that a petitioner be "imprisoned or restrained of liberty" by the challenged conviction is basically a requirement that a petitioner have standing to bring a habeas corpus proceeding, and this standing requirement operates independently of a petitioner's substantive claim of voidness. *See Benson*, 153 S.W.3d at 31 ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."); *see also* T.C.A. § 29-21-107(b).

Moreover, the determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The judgment form indicates that Petitioner entered a "*Hicks* plea." Our Supreme Court has held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). In the event a defendant enters into a plea-bargain, he or she waives any subsequent complaint about offender classification and length of sentence, "so long as [the sentence] does not exceed the maximum punishment authorized for the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007) (citing *Hicks*, 945 S.W.2d at 707); *see also Cantrell v. Easterling*, 346 S.W.3d 445, 451-52 (Tenn. 2011); *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (determining that if a sentence was within the statutory minimum and maximum sentences for a particular sentencing range, then an appellate court could affirm a sentence that was within the particular range, even if the defendant would otherwise qualify for a lesser offender status). In *Davis v. State*, the supreme court commented:

> With regard to allegedly improper sentences arising from plea bargains, we have stated repeatedly that offender range classification and release eligibility are "non-jurisdictional." *See, e.g., Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Thus, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id.*; *Hicks*, 945

S.W.2d at 709; *see also State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). Accordingly, the parties may agree to a "hybrid" sentence that "mixes and matches" range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain so long as (1) the term of years is within the overall range of years specified for the offense, *see Hoover*, 215 S.W.3d at 779, and (2) the RED [Release Eligibility Date] is not less than the minimum allowable for the offense, *see Lewis*, 202 S.W.3d at 128. *See also McConnell*, 12 S.W.3d at 799 ("The 1989 [Sentencing] Act establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits.").

313 S.W.3d 751, 759-60.

Petitioner argues that he was illegally sentenced as a Range II offender when in fact he was eligible to be sentenced as a Range I offender. The judgment reflects Petitioner was sentenced as a violent offender to thirty-two years confinement for second degree murder, a Class A felony. Under "Offender Status" on the judgment form, the "Multiple Offender" box was checked. The sentence range for a Class A felony multiple offender is twenty-five to forty years. T.C.A. § 40-35-111(b)(1). Because the Petitioner was sentenced to punishment falling within the spectrum for a Class A felony, his sentence was proper. *See Davis*, 313 S.W.3d at 759-60; *McConnell*, 12 S.W.3d at 798; *Hicks*, 945 S.W.2d at 707. Petitioner is not entitled to relief.

Petitioner also presents other arguments on appeal. These arguments were not presented to the habeas corpus court below. When a petitioner raises an issue for the first time on appeal, that issue is waived. *See Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). In addition, a petitioner may not change theories between the lower court and the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Because Petitioner did not allege these issues in his habeas corpus petition or raise them during the hearing, the habeas corpus court did not address these issues in its order. Therefore, these issues are waived.

## CONCLUSION

For the foregoing reasons, we affirm the summary dismissal of the petition.


_____
JERRY L. SMITH, JUDGE